



FILED
MARIE RAMSEY - HIRST COURT CLERK
CANADIAN COUNTY OKLA.
JUN 21 2016
BY _____ DEPUTY

## IN THE DISTRICT COURT OF CANADIAN COUNTY
## STATE OF OKLAHOMA

KAYLEE THOMPSON,

　　Plaintiff;

vs.

DCW INVESTMENTS, L.L.C., a domestic limited liability company, d/b/a Sonic Drive-In of Piedmont,

　　Defendant.

Case No. CJ 2016 314

CASE ASSIGNED TO:
　　GARY E. MILLER
JUDGE: _____

## PETITION

COMES NOW Plaintiff, Kaylee Thompson, for her cause of action against Defendant, DCW Investments, L.L.C., d/b/a Sonic Drive-In of Piedmont ("Sonic Drive-In") a domestic limited liability company, states as follows:

### THE PARTIES

1. Plaintiff, Kaylee Thompson, is a citizen and resident of Canadian County, Oklahoma.

2. Defendant, Sonic Drive-In, is a domestic limited liability company conducting business in Canadian County, Oklahoma.

### JURISDICTION AND VENUE

3. This is an action arising from the Defendant's termination of the Plaintiff's employment in violation of Title VII of the Civil Rights Act of 1964 and the Oklahoma Anti-Discrimination Act.

4. All of the claims at issue herein arose in Canadian County, Oklahoma.

5. Defendants conduct business in Canadian County and may be served in Oklahoma County.

**Exhibit 1**

## STATEMENT OF FACTS

6. Sonic Drive-In hired Kaylee Thompson in or around August of 2014.

7. On or about February 18, 2015, a manager of Sonic Drive-In named Nick Merritt made inappropriate, unwelcome sexually harassing comments to Kaylee Thompson.

8. On or about February 18, 2015, Nick Merritt attempted to lure Kaylee Thompson into a confined area to get her to perform sexual acts. She refused on multiple occasions.

9. On or about February 20, 2015, Kaylee Thompson made a complaint to Sonic Drive-In about the incidents that occurred on or about February 18, 2015.

10. After the complaints, Sonic Drive-In began limiting Kaylee Thompson's hours and placed her in a position that paid less.

11. On or about March 19, 2015, Sonic Drive-In terminated Kaylee Thompson in retaliation for complaining of sexual harassment.

## FIRST CAUSE OF ACTION: SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

12. Plaintiff incorporates as if fully restated all of the allegations previously written.

13. During the course of Plaintiff's employment with Defendant, it discriminated against Plaintiff in the terms, conditions, and privileges of employment in various ways, in substantial part because of her sex.

14. The above-described unwelcome sex discrimination created an intimidating, oppressive, hostile, and offensive work environment which interfered with Plaintiff's emotional and physical well-being.

15. As a result of the hostile and offensive work environment perpetrated and maintained by Defendant and its employees and Defendant's failure to protect Plaintiff from such discrimination, Plaintiff suffered humiliation and emotional distress.

16. Defendant through its agents or supervisors failed to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts, and failures to act of its employees.

17. Defendant failed to take all reasonable and necessary steps to eliminate sex discrimination from the workplace and prevent it from occurring in the future.

18. As a further direct and proximate result of Defendant's violations of Title VII of the Civil Rights Act of 1964, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant and has thereby and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to her.

## SECOND CAUSE OF ACTION: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

19. Plaintiff incorporates as if fully restated all of the allegations previously written.

20. As herein alleged, Defendant, by and through its officers, managing agents, and/or its supervisors, illegally retaliated against Plaintiff by unjustly subjecting her to unjust scrutiny, false allegations of misconduct and unwelcome and derisive comments solely because she had reported the aforementioned sex discrimination. Defendant had no legitimate reasons for any such act. Each said act of retaliation is in violation of Title VII of the Civil Rights Act of 1964.

21. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant may have engaged in other discriminatory practices against her which are not yet fully known. At such time as such discriminatory practices become known, Plaintiff will seek leave of Court to amend this Petition in that regard.

22. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination and retaliation against Plaintiff, she has suffered and will continue to suffer pain, humiliation, and emotional distress. Plaintiff has suffered and will continue to suffer a

loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

23. As a further direct and proximate result of Defendant's violations of Title VII of the Civil Rights Act of 1964, as described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

24. Plaintiff is informed and believes, and based thereon alleges, that Defendant's conduct as described above was willful, wanton, malicious, and done in reckless disregard for the safety and well-being of herself. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

## THIRD CAUSE OF ACTION: NEGLIGENT HIRING, SUPERVISION, AND RETENTION

25. Plaintiff incorporates as if fully restated all of the allegations previously written.

26. As herein alleged, Defendant, by and through its officers, managing agents, employees and/or its supervisors, failed to adequately hire, supervise, and retain employees that would refrain from retaliating against and/or sexually harassing Plaintiff.

## CAUSATION OF PLAINTIFF'S DAMAGES

27. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages described hereafter.

## DAMAGES SUSTAINED BY PLAINTIFF

28. Plaintiff has suffered lost earnings, past and future, and other compensatory damages including, but not limited to, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

29. The Defendant's actions were willful, wanton, or, at the least, in reckless disregard of Plaintiff's rights; therefore, Plaintiff is entitled to punitive damages.

## DEMAND FOR JURY TRIAL

30. The Plaintiff demands a jury trial for all issues of fact presented by this action.

## RESERVATION OF ADDITIONAL CLAIMS

31. The Plaintiff reserves the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action.

WHEREFORE, Plaintiff, Kaylee Thompson, prays for judgment against the Defendant, in a sum excess of the amount required for diversity jurisdiction under 28 U.S.C. § 1332 (currently $75,000.00) plus interest, costs, attorney's fees, punitive damages, and all such other and further relief as to which Plaintiff may be entitled.

Respectfully submitted,

*(signature)*

Chris Hammons, OBA #20233
LAIRD HAMMONS LAIRD, PLLC
1332 S.W. 89th St.
Oklahoma City, OK 73159
Telephone:   405.703.4567
Facsimile:   405.703.4061
E-mail: Chris@lhllaw.com
ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**